## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| ACTALENT, INC.<br>7301 Parkway Drive<br>Hanover, MD 21076<br>Anne Arundel County,<br><br>         Plaintiff,<br><br>v.<br><br>CRUISE LLC<br>333 Brannan Street<br>San Francisco, CA 94107<br><br>    **SERVE ON:**<br>    1505 Corporation 538<br>    CSC- Lawyers Incorporating Service<br>    251 Little Falls Drive<br>    Wilmington, DE 19808,<br><br>         Defendant. | Case No.: 1:23-cv-498<br><br>JURY TRIAL DEMANDED |

## ACTALENT, INC'S COMPLAINT AGAINST CRUISE LLC

Plaintiff Actalent, Inc. ("Actalent") alleges the following against Defendant Cruise LLC ("Cruise").

## PARTIES

1. Plaintiff Actalent is a Maryland corporation with its principal place of business in Hanover, Maryland.

2. Actalent is an independent operating company that was launched on July 21, 2021.

3. With regard to the applicable agreements involving Cruise, Actalent is the successor in interest to Aerotek, Inc. ("Aerotek").[1]

4. Cruise is a limited-liability company, and therefore its citizenship is a function of the citizenship of its members.

5. A search of publicly-available information has not revealed the existence of any Cruise members who are citizens of Maryland; based upon this research, Actalent alleges – in good faith – that no Cruise members are citizens of Maryland.[2]

## JURISDICTION AND VENUE

6. There is complete diversity, pursuant to 28 U.S.C. § 1332, because (1) Actalent is a citizen of Maryland; and (2) no members of Cruise are citizens of Maryland.

7. As set forth below and incorporated herein, the amount in controversy requirements of 28 U.S.C. § 1332 are satisfied because there is more than $75,000 at issue, exclusive of costs and interest.

8. This action properly lies in the District of Maryland because Cruise entered into an agreement with a Maryland Corporation, and a substantial part of the events giving rose to Actalent's claims occurred in this judicial district; there are therefore sufficient minimum contacts with this state, and/or Cruise's actions giving rise to the suit have had a substantial effect on a party located in this judicial district.

---

[1] To avoid confusion, this Complaint sometimes references Actalent during timeframes in which Aerotek was technically the entity performing work for Cruise.

[2] After securing service of process on Cruise and taking discovery on Cruise, Actalent reserves the right to amend this paragraph to reflect the membership-related information learned in discovery.

## GENERAL ALLEGATIONS

### Actalent's Contract with Cruise

9. Actalent incorporates by reference each and every allegation contained in the above paragraphs.

10. Actalent is an engineering and sciences staffing company that provides recruitment and staffing services for clients.

11. Prior to September 30, 2020, Aerotek entered into business discussions with Cruise regarding providing recruitment services.

12. On or about September 30, 2020, Aerotek and Cruise executed a Staffing Services Agreement, to which Actalent is a successor ("9-30-20 Agreement").[3]

13. A Statement of Work ("SOW") that clarifies Actalent's work obligations under the 9-30-20 Agreement is attached as Exhibit A to, and incorporated within, the 9-30-20 Agreement.

14. Under the 9-30-2020 Agreement, Actalent agreed to provide recruitment services to Cruise;[4] in return, Cruise agreed that the "payment term shall be net 30 from receipt of a valid invoice."[5]

15. On or about January 3, 2022, Aerotek and Cruise executed an amendment to the 9-30-20 Agreement,[6] and Actalent is also a successor to this amendment.

---

[3] **Exhibit 1** (9-30-20 Agreement).
[4] *Id.* at Ex. A (Statement of Work No. 1), ¶ 1.
[5] **Exhibit 1** (9-30-20 Agreement), ¶ 4.2.
[6] **Exhibit 2** (1-3-2022 Amendment No. 2 to Cruise LLC Staffing Services Agreement ("1-3-22 Amendment")).

**Cruise's Failure to Pay for Services and Expenses**

16. Actalent incorporates by reference and realleges each allegation above, as though fully set forth herein.

17. On or about September 30, 2020, Aerotek began providing services to Cruise under the 9-30-20 Agreement.

18. Pursuant to the 9-30-20 Agreement, Aerotek/Actalent performed recruiting services for Cruise.

19. Pursuant to the 9-30-20 Agreement, Aerotek/Actalent and Cruise agreed that Cruise would pay Aerotek/Actalent for services performed under that Agreement.[7]

20. Cruise also agreed to pay for expenses, including those related to supplemental sick pay, incurred by Aerotek/Actalent.[8]

21. Actalent submitted corresponding invoices – electronically; in spreadsheet form – to Cruise for the work performed by, and expenses associated with, the employees placed by Aerotek/Actalent.[9]

22. The parties have corresponded with each other regarding Cruise's obligations to remit payment for services and expenses.[10]

23. The 9-30-20 Agreement requires Cruise to remit full payment within 30 days of the invoice date.[11]

24. Despite retaining the benefit of the services and expenses reflected in the invoices, Cruise has not paid its contractual obligations.

---

[7] **Exhibit 1** (9-30-20 Agreement), ¶ 4.2.
[8] *Id.* ¶ 4.1.
[9] **Exhibit 3** (Cruise Invoices).
[10] **Exhibit 4** (Correspondence related to Cruise's obligations for expenses and services).
[11] **Exhibit 1** (9-30-20 Agreement), ¶ 4.2

25. Cruise owes Actalent $406,001.16 for unpaid services and expenses.

26. Despite retaining the benefit of the services and expenses at issue, Cruise has not paid its obligations, and therefore owes Actalent $406,001.16, plus late charges, interest, and collection costs, as specified in the 9-30-20 Agreement.

27. Despite multiple demands for payment by Actalent, Cruise has refused to pay the amounts due and owing.

28. Cruise unfairly and unjustly reaped the benefit of the worked performed by Actalent.

## COUNT I—BREACH OF CONTRACT

29. Actalent incorporates by reference and realleges each allegation above, as though fully set forth herein.

30. Through the 9-30-20 Agreement and subsequent Amendment, Actalent and Cruise executed a valid, binding, and enforceable contract for the provision of recruiting services.

31. Under the 9-30-20 Agreement and subsequent Amendment, Actalent agreed to pay for Actalent's recruiting services.

32. Actalent performed work and advanced expenses under the 9-30-20 Agreement that total $406,001.16.

33. Actalent fully performed its duties under the 9-30-20 Agreement and subsequent Amendment.

34. All other conditions precedent to Actalent's claim for relief have been performed, have occurred, or have been waived.

35. Actalent has been damaged as a result of Cruise's breaches of the 9-30-20 Agreement and subsequent Amendment, in the amount of $406,001.16, plus additional pre-judgment and post-judgment interest, and costs.

WHEREFORE, Actalent seeks a judgment against Cruise in an amount no less than $406,001.16, plus costs, expenses, pre-judgment and post-judgment interest, and such further legal and equitable relief as this Court deems appropriate or such other amounts as determined by this Court.

## COUNT II—UNJUST ENRICHMENT

### (Plead in the Alternative to Count I)

36. Actalent incorporates each of the preceding allegations as if fully restated herein.

37. In the alternative to Count I, Cruise is liable to Actalent under the theory of unjust enrichment.

38. At all relevant times herein, Actalent conferred benefits upon Cruise, by providing Cruise with recruitment services.

39. At all relevant times herein, Cruise had knowledge of the benefits conferred by Actalent.

40. Cruise voluntarily accepted, retained, and received the benefits provided by Actalent.

41. Actalent enriched Cruise by the benefits provided.

42. Cruise has not paid Actalent in full for the value of the benefits received.

43. Actalent asserts that the remaining unpaid value of the benefits it conferred to Cruise equals $406,001.16.

44. Despite the receipt of the enrichment, Cruise refuses to make full payment to Actalent for the enrichment received.

45. The enrichment to Cruise is unjust.

46. The retention of benefits by Cruise under these circumstances violates fundamental principles of justice, equity, and good conscience; the circumstances render Cruise's retention of the benefits inequitable unless Cruise pays Actalent for the value of the benefit received.

47. As a result of Cruise's unjust enrichment, Actalent is owed $406,001.16, plus additional pre-judgment and post-judgment interest and costs.

WHEREFORE, Actalent seeks a judgment against Cruise in an amount no less than $406,001.16, plus costs, expenses, pre-judgment and post-judgment interest, and such further legal and equitable relief as this Court deems appropriate or such other amounts as determined by this Court.

Dated:  February 23, 2023

Respectfully submitted,

*/s/ Caitlin R. Convery*
Caitlin R. Convery, Bar No. 20664
SHOOK, HARDY & BACON, LLP
1800 K Street, N.W., Suite 1000
Washington, DC  20006
Telephone:  (202) 783-8400
Facsimile:  (202) 783-4211
cconvery@shb.com

*Attorney for Plaintiff Actalent, Inc.*